FILED in the CIRCUIT COURT OF ROCK ISLAND COUNTY GENERAL DIVISION

JUN - 4 2010

Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL DISTRICT
ROCK ISLAND COUNTY, ILLINOIS
GENERAL DIVISION

| | | |
|---|---|---|
| MICHAEL MCGOVERN, | ) | No. 10 L 69 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | PLAINTIFF'S COMPLAINT AND |
| TRINITY MEDICAL CENTER, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

COMES NOW the plaintiff, Michael McGovern, by and through his attorneys Gomez, May, Schutte, Yeggy, Bieber & Wells, 2322 E. Kimberly Road, Suite 120 W, Davenport, IA 52807, files this complaint and demand for jury trial against defendant, Trinity Medical Center (hereinafter "Trinity"), a foreign corporation and alleges as follows:

1. This action is being brought pursuant to the Americans with Disabilities Act of 1990, 42 USC §1211, Et.Seq., effective date July 26, 1992, and applicable state law.

2. The Court has jurisdiction of this matter pursuant to 28 USC §1331 and pending jurisdiction.

3. Trinity is a foreign corporation licensed and authorized to do business in the State of Illinois and doing business in Rock Island County, Illinois.

4. Pursuant to 42 USC §1211 (7)(n) 42 USC§ 2000E, Et.Seq., plaintiff prepared and filed a charge of disability discrimination against defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") a copy of the charge is attached to the original complaint as Exhibit "A" and is to be incorporated herein by reference.

5. Plaintiff's charge was filed in a timely manner and the EEOC issued a right to sue letter on April 12, 2010 authorizing plaintiff to go forward with the filing of the

claim within ninety days, of the issuance of the right to sue letter. A copy of the right to sue letter is attached to the original complaint as Exhibit "B" and is to be incorporated herein by reference.

6. Pursuant to 42 USC §1211(5), defendant employed twenty-five or more employees each of the twenty or more calendar weeks in the current or preceding year and was, at all material times, engaged in industry effecting commerce.

7. Plaintiff was, at all material times, employed by defendant as a Service Technician II as provided under 42 USC §1211 (4).

## COUNT I – DISABILITY DISCRIMINATION

8. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 7 and incorporated the same reference of those set forth full herein.

9. Plaintiff has a seventh grade education and is dyslexic.

10. Plaintiff began working for Trinity in March of 1978.

11. On February 10, 2009, plaintiff was, in fact, terminated solely on the basis of his real or perceived disability in violation of the Americans with Disabilities Act 42 USC §1211, Et.Seq.

12. Plaintiff's work performance at Trinity was always at least adequate or above.

13. Defendant has cited Plaintiff's trouble learning new things as a reason for his termination.

14. Plaintiff was at all times an employee who qualified to perform, with or without any reasonable accommodations, the essential functions of his job at Trinity.

15. Defendant's termination of plaintiff on the basis of his perceived disabilities has adversely affected the employment opportunities of Plaintiff has caused Plaintiff

monetary harm in the form of lost wages and lost future wages and further affected the opportunities of plaintiff to obtain vital health insurance for himself and his family.

16. Plaintiff has hired the undersigned counsel to represent him in this action in pursuant to 42 USC §2000E, is entitled to a reasonable fee for his services.

## COUNT II – AGE DISCRIMINATION

17. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 17 and incorporated the same reference of those set forth full herein.

18. The Court has jurisdiction over this lawsuit because the action also arises under the Age Discrimination Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), Title 29, U.S.C., §201 et seq. and the appropriate State law.

19. Plaintiff timely filed under the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff a notice of the right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notice of the right to sue is attached as Exhibit A.

20. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years.

21. Defendant is an employer within the meaning of the ADEA.

22. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by terminating his employment.

## DAMAGES

23. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 23 and incorporated the same reference of those set forth full herein.

24. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a. Plaintiff was terminated from employment with Defendant. Although Defendant has diligently sought other employment he has been unable to find a job.

   b. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of future lost wages and benefits to compensate him to the age of 70 years.

   c. Plaintiff is entitled to prejudgment interest on lost wages and benefits, and postjudgment interest on all sums, including on attorney fees incurred in this action.

   d. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA.

25. Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under the ADEA.

WHEREFORE the Plaintiff asks for judgment against Defendant for the following:

    a.    lost wages and benefits,

    b.    future lost wages and benefits,

    c.    prejudgment interest on lost wages and benefits,

    d.    postjudgment interest on all sums, including on attorney fees incurred on this action,

    e.    an award of attorney fees and costs,

    f.    all other relief the court deems appropriate.

GOMEZ, MAY, SCHUTTE, YEGGY, BIEBER & WELLS,

By: *(signature)*

Mark R. Fowler ARDC6272238
2322 E. Kimberly Rd., Suite 120 West
Davenport, IA 52807
Telephone: (563) 359-3591
Fax: (563) 359-4230
ATTORNEYS FOR PLAINTIFF

Copy to:

Trinity Medical Center
c/o Robert T. Park, Esq.
Snyder, Park & Nelson, PC
1600 Fourth Avenue, Suite 200
Rock Island, IL 61201

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#09M0413.05 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Michael McGovern | | TELEPHONE NUMBER (include area code)<br>309-764-3023 |
|---|---|---|
| STREET ADDRESS<br>2929 – 11th Ave | CITY, STATE AND ZIP CODE<br>Moline, Il 61265 | DATE OF BIRTH<br>8 / 30 / 1950<br>M    D    Y |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Trinity Medical Cebter | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>309-779-5000 |
|---|---|---|
| STREET ADDRESS<br>2710 – 17th St | CITY, STATE AND ZIP CODE<br>Rock Island, Il 61201 | COUNTY<br>Rock Island |
| CAUSE OF DISCRIMINATION BASED ON:<br>Age    Disability | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br>02/10/09            02/10/09<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.   A.   ISSUE/BASIS
     1.   Discharge from employment on Feb 10, 2009, because of age, 58.
   B.   PRIMA FACIA ALLEGATIONS
     1.   I was 58 years of age at the time of the alleged discrimination.
     2.   I was well qualified and performed the duties of mechanic in a manner consistent with policy.
     3.   I was discharged from employment on Feb 10, 2009. Respondent indicated my discharge was related to budget reductions.
     4.   I was the oldest and most senior employee on Respondents third shift. I alone incurred the loss of employment.

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 24 DAY OF July, 2009<br>X _____<br>NOTARY SIGNATURE |
|---|---|
| DAWN BURCHELL<br>Commission Number 742997<br>My Commission Expires<br>September 26, 2009<br>NOTARY STAMP | X Michael G McGovern<br>SIGNATURE OF COMPLAINANT        DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 2/09-INT)

**EXHIBIT A**

Control Number: 09M0413.05
Complainant:
Page 2 of 2

II.  A.  ISSUE/BASIS
   1.  Discharge on Feb 10, 2009, because of perception of mental disability, learning impairment.
  B.  PRIMA FACIA ALLEGATIONS
   1.  I was employed by Respondent at the time of the discriminatory practice. I was well qualified and performed the duties of mechanic in a manner consistent with policy.
   2.  Respondent was aware that I had but a few years of formal education. Because of my lack of formal class room study, it is my sincere belief Respondent perceived me to have a disability that falls within the meaning of the Ill Humans Rights Act.
   3.  I was discharged from employment on Feb 10, 2009. Respondent indicated my discharge was related to budget reductions. It is my belief Respondents perception of mental disability, was motivational to my discharge from employment.

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michael McGovern<br>2929 - 11th Avenue<br>Moline, IL 61265 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL   7000 1670 0012 6741 8071   CP/ATTY

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-06548 | Pamela Pribble,<br>Investigator Support Asst | (312) 886-7491 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   4-12-10
John P. Rowe,   (Date Mailed)
District Director

Enclosures(s)

cc:   TRINITY MEDICAL CENTER



**EXHIBIT  B**